# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

BENJIMIN BARNETT,

    Plaintiff,

v.                                                                                                     No. 18-4006-CV-C-NKL

MISSOURI DEPARTMENT OF
CORRECTIONS,

    Defendant.

## ORDER

Defendant Missouri Department of Corrections ("DOC") moves to dismiss plaintiff Benjimin Barnett's complaint of discrimination for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), respectively. For the reasons discussed below, the motion to dismiss is granted.

## I. BACKGROUND

Mr. Barnett filed a complaint on a Title VII form alleging that, between January and August 2015, DOC discriminated against him as an employee by (1) denying him training because of his diabetes; (2) refusing to accommodate his need to check his blood sugar or to eat, and (3) generally discriminating against him because of his disability. In response to DOC's motion to dismiss, Mr. Barnett stated that, while his diabetes "came into play," his lawsuit concerns harassment, retaliation and discrimination by DOC staff and middle management.

Mr. Barnett seeks damages in the amount of $1.2 million, plus an additional $400,000 for lost wages and benefits.

DOC moves to dismiss the action for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

## II. DISCUSSION

The first question the Court must confront is the nature of the claim(s) at issue. The Complaint is drafted on a "Title VII" form. However, Mr. Barnett alleges that DOC discriminated against him by refusing to provide him training because of his diabetes and by refusing to reasonably accommodate his diabetes-related needs. In his papers in response to DOC's motion to dismiss, Mr. Barnett further states that this case concerns harassment and retaliation as well, although he does not specify what led to the alleged harassment and retaliation. There is no allegation in the complaint or the response to the motion to dismiss of any type of discrimination except employment discrimination on the basis of disability—an issue governed by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*—rather than Title VII of the Civil Rights Act. Mr. Barnett's use of a Title VII complaint form thus appears to have been in error.

To the extent that Mr. Barnett alleges a claim for employment discrimination on the basis of disability (*i.e.*, pursuant to Title I of the ADA), the claim is barred by the Eleventh Amendment. *See Walker v. Missouri Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) ("[B]ecause Walker's claims are based on Title I and are against a state agency that Walker does not contend has consented to suit or waived immunity, Walker's ADA claims must fail."); *see also Grothoff v. Nixon*, No. 04-4290-WAK, 2007 WL 2693835, at **1–2 (W.D. Mo. Sept. 10, 2007) (rejecting argument that the State of Missouri had waived sovereign immunity with respect to ADA Title I claim and granting summary judgment to defendant).

To the extent that Mr. Barnett alleges retaliation because of unlawful discrimination in employment on the basis of disability (*i.e.*, pursuant to Title V of the ADA), the claim fails for

lack of any factual allegations. His only allegations of retaliation are conclusory statements in his response to DOC's motion to dismiss. Doc. 21 ("3 complaints were filed about staff and middle management Harassment, Retaliation and Discrimination. The ADA aspect is 1 of 4 complaints involving this case and is not the sole basis of the complaints of suit."). The claim therefore must be dismissed without prejudice, pursuant to Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, n.3 (2007) ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").[1]

Finally, to the extent that Mr. Barnett intended to assert a claim for employment discrimination under Title VII of the Civil Rights Act of 1964, his claim is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Barnett has failed to allege any discrimination on the basis of race, color, religion, sex, or national origin, and therefore his complaint as drafted fails to state a Title VII claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 687, 129 S. Ct. 1937, 1954 (2009) (finding that, where respondent alleged in conclusory terms that petitioners discriminated against him "on account of [his] religion, race, and/or national origin and

---

[1] A claim pursuant to Title V of the ADA against DOC may, like the Title I claim, be barred by the Eleventh Amendment. *See Reed v. Coll. of the Ouachitas*, No. 11-CV-6020, 2012 WL 1409772, at *5 (W.D. Ark. Apr. 23, 2012) (dismissing ADA Title V claims with prejudice, finding that "Supreme Court precedent supported a conclusion that Congress may not abrogate the states' Eleventh Amendment immunity from claims brought pursuant to Title V of the ADA") (citing *Demshki v. Monteith*, 255 F.3d 986, 988–89 (9th Cir. 2001)). However, neither the Supreme Court nor the Eighth Circuit has expressly decided the question of whether Congress may abrogate a state's Eleventh Amendment immunity from a Title V claim. Because the Court cannot determine whether Mr. Barnett intends to bring a claim pursuant to Title V of the ADA, it would be inappropriate to reach the question of whether the Eleventh Amendment precludes such a claim against a Missouri agency.

for no legitimate penological interest," he "fail[ed] to plead sufficient facts to state a claim for purposeful and unlawful discrimination").

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. Mr. Barnett's claims against DOC for discrimination on the basis of disability pursuant to Title V of the ADA are dismissed with prejudice. Other claims Mr. Barnett may have sought to bring—whether for retaliation pursuant to Title V of the ADA, or for discrimination on the basis of race, color, religion, sex, or national origin, pursuant to Title VII of the Civil Rights Act of 1964—are dismissed without prejudice. Mr. Barnett may amend his complaint within 30 days of the entry of this order to provide sufficient factual allegations to provide fair notice of the nature of any remaining claims.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 9, 2018
Jefferson City, Missouri